E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

|  | ) | Case No.   22-cv-671 |
|---|---|---|
| GERARD R. WILLIAMS | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) |  |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) ) |  |
| -v- | ) ) ) |  |
| Lt. E. Shannon, et al. | ) ) |  |
| *Defendant(s)* | ) |  |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | ) ) ) |  |

RECEIVED MAY 20 2022

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $52) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Gerard R. Williams |
| All other names by which you have been known: | |
| ID Number | 39236-007 |
| Current Institution | FDC-Philadelphia |
| Address | P.O. Box 562 |
| | Philadelphia          PA       19105 |
| | *City*          *State*          *Zip Code* |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Lt. E. Shannon |
| Job or Title *(if known)* | Correctional Lt. Custody Supervisor |
| Shield Number | Unknown |
| Employer | FDC-Philadelphia/F.B.O.P. |
| Address | 700 Arch Street |
| | Philadelphia          PA       19106 |
| | *City*          *State*          *Zip Code* |

[XX] Individual capacity   [XX] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Lt. Maynard |
| Job or Title *(if known)* | Correctional Lt. Custody Supervisor |
| Shield Number | Unknown |
| Employer | FDC-Philadelphia/F.B.O.P. |
| Address | 700 Arch Street |
| | Philadelphia          PA       19106 |
| | *City*          *State*          *Zip Code* |

[XX] Individual capacity   [XX] Official capacity

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

Defendant No. 3

| | |
|---|---|
| Name | Lt. Stevens |
| Job or Title *(if known)* | Correctional Lt. Custody Supervisor |
| Shield Number | Unknown |
| Employer | FDC-Philadelphia/F.B.O.P. |
| Address | 700 Arch Street |
| | Philadelphia      PA      19106 |
| | *City*        *State*      *Zip Code* |

[XX] Individual capacity    [XX] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Officer Crews |
| Job or Title *(if known)* | Food Service Officer |
| Shield Number | Unknown |
| Employer | FDC-Philadelphia/F.O.B.P. |
| Address | 700 Arch Street |
| | Philadelphia      PA      19106 |
| | *City*        *State*      *Zip Code* |

[XX] Individual capacity    [XX] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[XX] Federal officials (a *Bivens* claim)

[  ] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? Eighth and Fourteenth and Fifth Amendments to the U.S. Constitution. As well as F.T.C.A.

Page 3 of 11

List of Defendants Con't

Nurse Sogo
Medical Services Officer
FDC-Philadelphia/F.B.O.P.
700 Arch Street
Philadelphia, PA 19106

Nurse Nelson
Medical Services Officer
FDC-Philadelphia/F.B.O.P.
700 Arch Street
Philadelphia, PA 19106

United States of America
Liability of Torts Pursuant to F.T.C.A.

6 Unknown SRT Emergency Response Staff
Emergency Response Officers
FDC-Philadelphia
700 Arch Street
Philadelphia, PA 19106

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attached

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [XX] Convicted and sentenced federal prisoner
- [XX] Other *(explain)*    Convicted on one charge while pending trial on another

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

See both Facts and Statementes of Claims<br>Attached Hereto

Facts:

1. On or about 9/3/20 after having had been in the SHU for over 9 months, Lt. Shannon, while knowing I was handcuffed, did spray high grade OC Spray thru the tray slot of my cell door onto me.

2. Lt. Shannon then ordered me to put my cuffed hands thru the tray slot, I complied, she then removed one of my hands from the cuffs and ordered me to turn around, again I complied and she placed my hands back into the cuffs behind my back.

3. The ERT staff then removed me from my cell and cut off all of my clothes, wahsed my face cleaning the OC Spray residue off, and dressed me in paper garments. This was a 5-10 min process where I was completely naked in the presentes of the female Lt. Shannon.

4. The ERT staff then placed me in another cell.

5. All reports writen by staff ommitted the fact that I was already handcuffed when the oc spray was used. And written in a manner to justify the use of force and cover up the fact that I was already in hand restraints and posed no threat to any staff members.

6. On 9/21/20 I was removed from my cell due to staff conducting cell searches in the SHU. Upon returning after the searches were complete I was informed that I had been moved. I was taken to a different cell that housed inmate William Noel, who is infamously known for physcotic/threatning behaviour. (It should be noted that staff is aware of this behaviour and place inmates in the cell with Mr. Noel to punish inmates as Mr. Noel is known not to take baths and quick to engage in confrontation with inmates placed in his cell.) Upon entering the cell I noticed only a mattress was brought from my old cell none of my property was transferred. All of the Administrative Remedy forms I filed for the 9/3/20 incident nor any of my personal property including soap and deodarant were moved to my new cell.

7. On 9/22/20 after having spent a night in the cell with Mr. Noel I asked to go to the law library to get away from the breath-taking stinch of the cell I had been placed in, as well as being in fear of my safety. Throughout the night and while being transfered to the law library I had asked to be moved several times citing my fears and the overwhelming smell of the cell.

8. After I refused to return to the cell for my own safety, the Physc doctor Brinkley came to talk to me to prevent use of force I again expressed my concerns about my fears and the nature of me being punished  by being placed in the cell with Noel after I was in a cell alone, how I had no seperations so any new inmates could have been placed in the cell with me, and the imminent conflict that was going to insue due to the smell of Mr. Noel.

9. After speaking with Dr. Brinkley I still refused to return to the cell and Dr. Conol was called to attempt confrontation avoidance. I again addressed my concerns with her and she again affirmed the claims of the custody staff that there was no other cells available. I continued to refuse to return to the cell with Noel citing my safety. After which a force team was assembled outside the law library in which I complied and allowed them to place me in handcuffs. I was then transfered to an observation cell (cell with only makeshift bed made of concrete with a mattress on the top of the concrete slab...no sink or toilet) and for a 2nd time I was stripped of my clothing by it being cut off of my body in the presence of the female Lt. Shannon and placed in paper clothing. I was then placed in shackels including a black box( a waist chain connected to a black rectangle shape box designed to restrain the arms from the elbow to the wrist by connecting to the waist chain between the arms and attached to the handcuffs at the wrist thereby securing the arms and restricting basic paralel and horozontal movement) This took place around 10am in which I was left in the observation cell restricted in the blcak bok reestraints until the next morning. While in the cell restrained both Lt. Maynard and Lt. Stevens made shift rounds in which I asked merely to have the black box loosened or removed explaining that my wrist were bleeding from the tightness and lengeth of time I was held in the restraint, in which both asked me was I ready to return to the cell with Noel. Evdencing that word had been passed around that I was being punished for being in fear of being in the cell with the mentally challenged inmate. I asked Nurse Sogo to loosen the restraints in which he denied me, I asked Officer Crews to loosen the restraints in which he began taunting me singing "Chain gang, Chain gang," I asked Nurse Nelson to loosen the restraints in which she also denied me, I was also seen by Officers Smalls, Purutti, Colon, Dakoiavich, Nichols, and Rocs in which only officer Smalls seemed to care by asking how i was going to eat with the restraints however none of them attempted to remove the restraints, place me in a normal cell nor loosen the restraints while they were cutting into my wrist they all mentioned going back to the cell with Noel to end the pain inflicted.

10. In an attempt to cover up the fact that I was sprayed with OC spray while being handcuffed Lt. Shannon wrote me up for "blocking the locking device" on the handcuffs. While waiting to be seen by DHO in regards to the write-up the events cited in paragraphs 7, 8, and 9 took place. On the morning of 9/23/20 I was seen by DHO and he dismissed the write-up citin the impossible nature of me tampering with the locking device on the handcuffs while being in the handcuffs as well as noting that the Lt. had ommitted facts f from the incident report. I also told DHO that I had been in the black box for nearly 22 hours for refusing to go into a cell with the known mentally challenged inmate knowing that none of the di disstress buttons in the cells function properly.

11. **Back-track of Facts** After having been moved from my original cell to the cell with Noel Officer Colon did provide me with my legal property that was in my old cell that contained the Administrative Remedy forms i began to file in regards to the 9/3/20 incident. The morning of 9/22/20 while in the law library I began to fill out more remedy claims in regards to the retalitory, arbitrary and capracious placement/forced celling that I had encountered naming Lt. Shannon as the culperate party. Upon being removed from the law library in restraints my legal property was removed as well by officers. In which I later asked Officer "luka-vich"(botched spelling) where was my legal property in which he responded that he had given it to Lt. Shannon and that it was in her Office. After I was seen by DHO on the 23rd I was moved into another cell with an inmate that also saw DHO that day who informed me that he was in a cell alone and had been for the last two days evidencing that there were other cells I could have been placed in. Once in my new cell Officer Colon gave me my legal property back.

12. Also on the 23rd while seeing Counsler Flanary in passing I gave him the BP-8s that I had been working on in regards to the 9/3 incident citing my lost property of personal pictures, hygiene products, mail, prayer rug, OTC medications, and copy of PSR.

13. On or about 10/2/20 while being served an incident report I asked Counsler Flanary where was the reponse from the Bp-8s that I had given him in which he stated "I trashed them they were bullshit." I expressed my disagreement and momentarialy refused to sign the incident report/UDC acknowledgement however after seeing that he didn't care about the previously filed bp-8s I signed to avoid futher conflict.

14. After seeing my bp-8 attempts go nowhere I began to file bp-8s and bp-9s together to the Case Manager and Unit Manager Mendek and Cole. I filed on Lt. Shannon in regards to the 9/3 and 9/21 incidents, in regards to my lost property, and on Counsler Flanary in regards to trashing my bp-8s. In which Case Manager Mendek would return my attached 8 & 9 and then detach them in efforts to prevent me from continuing the process by holding the 9 for the time limit of 20days and thereby force me to start the entire process over and keep the regional officials from reviewing the incidents I encountered.

15. In response to the back and forth and blantant disregarud of my issues by staff and the attempt to coverup their own misconduct I began filing SF-95 forms straight to the region in attempts to recover my lost property and address the misconduct of the Lt's and officers.

16. On 1/22/21 the Regional Office recieved claim no. TRT-NER-2021-03626 that I filed in regards to the 9/3/20 incident in which I recieved notice that the regional office recieved the claim on March 25, 2021. The regional office response was mailed to me in which I recieved it on August 18, 2021 while I was at MDC Brooklyn in transit and upon leaving MDC Brooklyn I was not allowed to travel with the paperwork. MDC Brooklyn stated that they were going to mail the paperwork to me however as of today I have not recieved the property. I attempted to make contact with MDC Brooklyn from FDC Philadelphia and upon recieving the property th response from the regional office was not in the package that was sent to me.

17.On March 1, 2021 the regional office recieved claim no. TRT-NER-2021-04744 that I filed in regards to the claim that my privacy rights were violated and the cruel punishment  by being shackeled and in the black box for 22 hours. I recieved notice that the claim was recieved on May 11, 2021. The regional responsse4 to the claim was recieved by me on August 30, 2021 while I was at USP Canaan however upon being transfered back to the FDC Phila. USP Canaan did not place the response in my property when I told the RandD staff that it was legal material.

18. Letters were sent to Regional office around November of 2021 requesting copies of the responses so that I could continue with the claim however as of today I have not recieved anything from the regional office.

19. On June 23, 2021 notice was sent to me in regards to a tort claim that I had filed claim number TRT-NER-2021-00953 where I requested the $178.64 to compensate for my property being confiscated without reciept. In which the regional office stated "you reviewed your property and signed the inmate personal property form without noting any discrepancies." However the property form the regional office relied on in making its decision was the property form from 12/18/19 when I was originally sent to the SHU and not a form reflecting the incident where I was involved in a calculated use of force incident and moved from one cell to another. My claim was denied.

Color of Law and Statement of Claims

Lt. E. Shannon
Acted under the color of Federal Law as an employee of the FDC-Philadelphia and the Department of Justice-F.B.O.P..
Lt. E. Shannon did maliciously and sadistically cause the unecessary and wanton infliction of pain by an excessive use of force, to wit the use of high grade OC Spray upon Mr. Williams while he was physically restrained with handcuffs behind his cell door, and did attempt to cover the aforementioned misdeed by ommitting essential facts in the official report thereby creating a falsehood as well as the knowing use of false statements in the official report. Lt. E. Shannon did knowingly retaliate against Mr. Williams for attempting to use the Administrative Remedy Process to report the above mentioned misdeed(use of excessive force) by intentionally placing Mr. Williams in imminent danger of physical harm by creating an enviornment to which Mr. Williams would experience physical harm from a third party, and did futher retailate against Mr. Williams for his refusal to submit to such unusual punishment by invoking assistance from staff and requesting to be moved out of the potential harm and placed in a different cell by ordering Mr. Williams to be physically restrained as a form of coercion to submit to be placed in harms way with no form of alerting staff of such danger. All in violation of the 1st, 5th, 8th, and 14th Amendments of the United States Constitution and Federal Tort Claim Act. Lt. E. Shannon did violate Mr. Williams 4th Amendment right against unreasonable searches by remaining present to observe a strip/cavity search on two occasions.

Lt. Maynard and Stevens both Acted under color of Federal Law as employees of the FDC-Philadelphia and the DEpartment of Justice-F.B.O.P..
Both Lt. Maynard and Stevens were made aware of the inflicted pain Mr. Williams was suffering at the hands of Lt. Shannon and both having had relieved Lt. Shannon of her duties for the day both disregarded and failed to act to end the wanton and unecessary infliction of pain cause by Mr. Williams being placed in physical restraints and denied basic human necessities of food and running water for 22hrs.

Officer Crews Acted under the color of Federal Law as an employee of the FDC-Philadelphia and the Department of Justice-F.B.O.P. Officer Crews did maliciously and sadistically cause the unecessary and wanton infliction of mental pain by both failing to act in ending the torture caused at the hands of Lt. E. Shannon and taunting Mr. Williams with mockery disparaging statements in the form of songs.

Nurse Sogo and Nurse Nelson both Acted under the color of Federal Law as employees of FDC-Philadelphia and the Department of Justice F.B.O.P.

Nurse Sogo and Nurse Nelson both viewed and were made aware of the physical injuries Mr. Williams had sustained by being in physical restraints and did not act in reporting to custody staff of the need to loosen the restraints that were causing Mr. Williams to bleed from his wrist.

United States of America
Liable for Claims made under F.T.C.A.

6 Unknown SRT Emergency Response Staff
Acted under color of Federal Law as employees of FDC-Philadephia and Department of Justice F.B.O.P.
Officers were responsible for on two occasions cutting my clothing off and causing me to remain naked in the presence of female staff for upwards of 10 minutes. Also responsible for the confiscation of the following said property with out recording a record of such confiscation:
    4 Forever Books of Postage Stamps
    2 bottles of Allergy Tablets
    2 SpeedStick Deordarants
    2 Secret Deodarants
    2 A&D Ointment Creams
    2 Hemorrid Ointment Cream tubes
    1 Prayer Rug (Purple and Gold)
    2 VO5 Hair Conditioner
    3 VO5 Hair Shampoo
    2 Legal Writing Pads
    2 Colgate Toothpaste tubes
    1 Total Care Toothpaste tube
    4 Security Toothbrushes
    3 Dial Soap Bars
    2 Triple Antibiotic Ointment Cream tubes
    1 Oral Gel Pain relief tube
    60 8.5 x 11.5 Inch Legal Envelopes
    1 Luberderm Lotion bottle
    2 Soap Dishes
    1 Sysodyne Toothpaste tube
    Personal Mail and Pictures
    1 Non-dairy Creamer
    1 Hot Cocoa SwissMiss
    1 Trailmix
    4 3.5 oz Makerel Fish pouches
    1 Ultrex Vitamin bottle
    1 Vitamin E bottle
    1 Vitamin C bottle
    1 Asprin Tablet bottle

Total Cost of Combined lost Property: $178.64

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

C.   What date and approximate time did the events giving rise to your claim(s) occur?

See Attached Facts

D.   What are the facts underlying your claim(s)?   *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

See Attached Facts

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.   Loss of Property in SHU cell, Cuts and lasurations to wrist due to overly tighten handcuff and Blackbox physical restraints for 22 hrs, Emotional and Mental anguish from humiliating strip search and taunting, Rash developed from sitting in urine and feces while physically restrained as well as mental and emotional anguish from this, injuries sustained from OC Spray eye and lung irritation.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Compensory damages: $178.64 loss of property
Punitive damages: $250,000 Jointly n severly between all defendants for physical injuries sustained and to deter futher unconstitutional conduct. $250,000 for defendant Shannon for retaliation and attempted cover-up and to deter futher unconstitutional conduct.

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

    FDC-Philadelphia

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☒ Do not know

If yes, which claim(s)?

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[XX] Yes

[ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[ ] Yes

[ ] No

E.    If you did file a grievance:

1.    Where did you file the grievance?

    To Unit Team officials in which team members purposly delayed filing of grievence to disqualify me from filing timely claim.
    To Regional Office in which claim of tort was denied erroneously.

2.    What did you claim in your grievance?

        To Unit Team I claimed Staff misconduct
        To Regional Office I claimed loss of property

3.    What was the result, if any?

    Unit Team complaints were denied as untimely
    Regional Office Tort claim was denied based of erroneous facts

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

        Both efforts were exhausted and Grievance process does not provide for monetary damages

F.    If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

_____

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      May 16, 2022

Signature of Plaintiff      _Gerrard Williams_

Printed Name of Plaintiff      Gerrard R. Williams

Prison Identification #      39236-007

Prison Address      P.O. Box 562

Philadelphia                          PA          19105
City                          State          Zip Code

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City                          State          Zip Code

Telephone Number

E-mail Address

Gerard Williams #39236-007
F.D.C Philadelphia
P.O BOX 562
Philadelphia PA 19105



FOREVER / USA   FOREVER / USA   FOREVER / USA   FOREVER / USA
FOREVER / USA   FOREVER / USA   FOREVER / USA

U.S.M.S.
X-RAY

Clerk of the Court
U.S District Court
United States Courthouse Room 2609
601 Market Street
Philadelphia. PA 19106-1797



RECEIVED
MAY 2 0 2022